United States Court of Appeals

For the Eighth Circuit

_____

No. 24-2475
_____

United States of America

*Plaintiff - Appellee*

v.

Odell Hampton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 14, 2025
Filed: April 30, 2025
[Unpublished]
_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

During his trial on a charge of being a felon who possessed a firearm, *see* 18 U.S.C. § 922(g)(1), Odell Hampton moved for judgment as a matter of law on the ground that the evidence was insufficient to support a guilty verdict. The district

court[1] denied the motion, and the jury found Hampton guilty. In this appeal, he challenges the court's denial of his motion, pointing out that no witnesses testified to seeing him with a gun in his hand or to retrieving his fingerprints from the gun. Reviewing this contention de novo, and considering the evidence in a light most favorable to the verdict, *see United States v. Keck*, 2 F.4th 1085, 1090 (8th Cir. 2021), we affirm.

The case against Hampton originated from the traffic stop of a car in which Hampton was a front-seat passenger. Two officers testified that, while one of them spoke to the driver outside the car, they heard a gun hit the ground near the front passenger seat. One of those officers then walked around to that part of the car and picked up the gun. It is true that neither officer could say that he saw a gun in Hampton's hand, but both testified that the gun landed just outside his open door. One of the officers said that soon after hearing the firearm hit the ground he saw Hampton retract his arm into the car. When the other officer accused Hampton of tossing the gun, Hampton responded that "he could do whatever he wanted to do on his property." Hampton later told this same officer, "You guys have guns. I have guns too." Hampton presented the testimony of the passenger in the backseat who said that she threw the gun out of Hampton's door, but the jury was not obligated to believe her account, especially when the officers gave good reason to suspect that Hampton threw the gun and that the backseat passenger's position in the car would have made it difficult for her to do so. The jury was entitled to find the officers' testimony credible, and so the evidence was sufficient for the jury to find Hampton guilty of the offense.

The government's failure to test the gun for fingerprints was not fatal to its case. The government presented evidence that fingerprints aren't typically recoverable from firearms and explained why it didn't seek to retrieve them in this instance.

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Though fingerprint evidence might have strengthened the government's case, it wasn't required to convict. *See United States v. Goodrich*, 739 F.3d 1091, 1098 (8th Cir. 2014) (per curiam).

Affirmed.

_____